## PURCHASE AND SALE AGREEMENT

THIS PURCHASE AND SALE AGREEMENT ("**Agreement**"), dated this 18th day of September, 2020, by and between RUM RUNNERS SALOON, INC., a Pennsylvania corporation (the "**Seller**") and Harmony Line Property Management, LLC, a Pennsylvania limited liability company or its corporate assignee (the "**Purchaser**").

W I T N E S S E T H:

WHEREAS, Seller operates a bar and restaurant located at the following location: 3875 Babcock Boulevard, Pittsburgh, Pennsylvania 15237 (the "**Premises**"); and

WHEREAS, Seller desires to sell and Purchaser wishes to acquire the assets of Seller used in the operation of the restaurant, including the fixtures, furnishings and equipment, located at the Premises; and

WHEREAS, Seller's affiliate, Rum Runners of PA, LLC. ("Rum Runners") and Purchaser entered into an Agreement of Sale dated on even date herewith whereby Rum Runners agreed to convey to Purchaser all of its right, title and interest in, to that certain Premises (the "**Agreement of Sale**").

NOW THEREFORE, in consideration of the Premises and the mutual covenants and agreements hereinafter set forth, and intending to be legally bound hereby, the parties hereto agree as follows:

1.  SALE OF ASSETS AND RELATED TRANSACTIONS

    1.1  Sale of Equipment, Fixtures, and Liquor License. On the terms and subject to the conditions of this Agreement at the time of Closing of the Premises (the "**Closing Date**"), Seller shall sell, convey, assign, transfer and deliver to Purchaser, and Purchaser shall purchase and acquire from Seller all of Seller's right, title and interest in and to: (A) all machinery, trade fixtures, supplies and spare parts, leasehold improvements, equipment, furniture, as listed on Schedule 1.1A attached hereto and made a part hereof (individually known as "**Personal Property**"); (B) transferable licenses and permits which relate to the ownership or operation of the Business with that certain liquor license known as R-6802 (individually known as "**Business Permits**");

    1.2  Instruments of Conveyance and Transfer. On the Closing Date and upon Seller's receipt of the Purchase Price (as hereinafter defined), Seller shall deliver to Purchaser a bill of sale (the "**Bill of Sale**") to vest in Purchaser all of Seller's right, title and interest in the Assets as of the Closing Date.

2. CONSIDERATION FOR SALE

    2.1    <u>Personal Property Purchase Price</u>. In full consideration for the sale of the Non-Inventory Assets, and subject to the terms and conditions of this Agreement, Purchaser hereby agrees to pay the amount of Eighty Thousand and 00/100 Dollars ($80,000.00). The Personal Property Purchase Price shall be paid by Purchaser to Seller on the Closing Date.

    2.2    On the Closing Date, Seller shall deliver into escrow a Bill of Sale to vest all of Seller's right, title and interest in the Assets as of the Closing Date. This Bill of Sale shall be delivered by the Title Company to Purchaser upon Purchaser's payment of the Purchase price to Seller.

3. CONDITIONS PRECEDENT TO CLOSING/CLOSING DATE/CLOSING DELIVERIES

    3.1    <u>The Closing</u>. Subject to satisfaction or waiver of the conditions precedent to the parties' obligations hereunder, the Closing shall take place at the offices of David E. McMaster, Esq., 1272 Mars Evans City Road, Evans City, Pennsylvania 16033 on the Closing Date.

    3.2    <u>Obligations of Seller</u>. At the Closing, Seller shall deliver into escrow with the Title Company at Seller's cost and expense executed counterparts of the following documents:

    (a)    A Bill of Sale conveying the to Purchaser, free and clear of all liens and encumbrances.

    (b)    Resolutions of the Board of Directors of the Seller and the shareholders of the Seller authorizing the execution and consummation of this Agreement and the transactions contemplated hereby by Seller, certified by the secretary of the Seller as having been duly and validly adopted and in full force and effect.

    (c)    Seller shall cooperate in the transfer of PA liquor license R-6802 to Purchaser. In the event that the transfer of said liquor license is not completed by time of Closing, Title Company shall hold the allocation of value for said liquor license in escrow until such time as the sale of said liquor license is approved by the Commonwealth of Pennsylvania.

    (d)    Notwithstanding the foregoing, this agreement is subject to and contingent upon Buyer and Seller closing on the real property located at 3875 Babcock Boulevard, Pittsburgh, Pennsylvania 15237 pursuant to the terms and conditions set forth in that certain Agreement of Sale dated March 9, 2020 between Rum Runners of PA, LLC and Harmony Line Property Management, LLC.

4. COVENANTS, REPRESENTATIONS AND WARRANTIES

5.1 <u>Covenants, Representations and Warranties of Seller</u>. To induce Purchaser to enter into this Agreement, Seller makes the following covenants, representations and warranties to Purchaser:

(a) <u>Authority</u>. Seller has the full right, power and authority to enter into this Agreement and the other agreements contemplated hereby, and to carry out its obligations as set forth herein and therein and all requisite corporate action has been taken to make such agreements binding and enforceable upon Seller in accordance with their terms.

(b) <u>Title to Properties, Absence of Liens and Encumbrances, Suitability</u>. Seller's interest in the Supermarket Assets shall, upon the conveyance herein contemplated, be free and clear of all liens and encumbrances other than the Assumed Liabilities.

(d) <u>No Conflict</u>. The execution, delivery and performance of this Agreement by Seller and the consummation of the transactions contemplated hereby will not conflict with or result in the breach or termination of any provision of, or constitute a default under, or result in the creation of any lien, charge or encumbrance upon any of the Supermarket Assets or the Premises pursuant to any indenture, mortgage or deed of trust to which Seller is a party, or by which Seller or any of its assets or properties are bound.

5.2. <u>Covenants, Representations and Warranties of Purchaser</u>. To induce Seller to enter into this Agreement, Purchaser makes the following covenants, representations and warranties to Seller:

(a) <u>Authority</u>. Purchaser has the full right, power and authority to enter into this Agreement and the other agreements contemplated hereby, and to carry out its obligations as set forth herein and therein and all requisite action of Purchaser has been taken to make such agreements binding and enforceable on Purchaser.

(b) <u>Effect of Agreement</u>. The execution, delivery and performance of this Agreement by Purchaser and the consummation of the transactions contemplated hereby will not conflict with or result in the breach or termination of any provision of, or constitute a default under, or result in the creation of any lien, charge or encumbrance upon any of the properties or assets of Purchaser pursuant to any indenture, mortgage, deed of trust, contract, agreement or other instrument to which Purchaser is a party, or by which Purchaser or any of its assets or properties are bound.

(c) <u>Brokerage</u>. Purchaser has not incurred any obligations or liability, contingent or otherwise, for brokerage or finders' fees or agents' commissions or other like payment in connection with this Agreement or the transactions contemplated hereby. Purchaser agrees to indemnify and hold Seller harmless against any and all such claims or demands for brokerage fees or agents' commission or other compensation asserted by any person, firm, or corporation in connection with this Agreement by reason of the acts of Purchaser.

6. MISCELLANEOUS

6.2  Notices. All notices hereunder shall be in writing and shall be deemed effective upon sending when sent by registered or certified mail, postage prepaid, or sent by overnight mail or hand delivered to the following address:

    (a)    To Seller:
               Rum Runners Saloon Inc.
               516 New Castle Road
               Slippery Rock, PA 16057
               Attention: John Spagnolo, Jr.

    (b)    To Purchaser:
               Harmony Line Property Management, LLC

6.3  Governing Law. This Agreement shall be deemed to have been made and entered into in the Commonwealth of Pennsylvania and all rights and obligations of the parties hereto shall be governed by the laws of the Commonwealth of Pennsylvania.

6.4  Execution in Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute the same Agreement.

6.5  Waivers and Amendments. Seller or Purchaser may, by written notice to the other, (a) extend the time for the performance of any of the obligations or other actions of the other; (b) waive any inaccuracies in the representations or warranties of the other contained in this Agreement; (c) waive compliance with any of the covenants of the other contained in this Agreement; and (d) waive or modify performance of any of the obligations of the other. This Agreement may be amended, modified or supplemented only by a written instrument executed by the parties hereto. Except as provided in the preceding sentence, no action taken pursuant to this Agreement, including, without limitation, any investigation by or on behalf of any party, shall be deemed to constitute a waiver by the party taking such action of compliance with any representations, covenants or agreements contained herein. The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

6.6  Binding Effect; Benefits. This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors. Nothing in this Agreement, expressed or implied, is intended to confer on any other person other than the parties hereto, or their respective successors, any rights, remedies, obligations or liabilities under or by reason of this Agreement.

6.7  Non-Assignability. This Agreement shall not be assignable by either party hereto without the prior written consent of the other.

6.8  Entire Agreement. This Agreement, together with the Agreement of Sale, constitutes the entire understanding of the parties with respect to the transactions contemplated thereby, and any

prior agreement or understanding relating to the subject matter hereof is superseded hereby, and is of no further independent force or effect. Seller agrees that by executing this Agreement Seller is not relying on any representation or understanding which is not expressly set forth herein. This Agreement may be amended only by a writing signed by the parties hereto or by their authorized representatives.

6.9     COVID-19  Notwithstanding any other term in this Agreement to the contrary, the parties acknowledge that Buyer shall not be obligated to complete the terms and conditions of this purchase until such time as any and all restrictions on restaurants because of the Covid-19 pandemic are lifted by governmental agencies, including the Commonwealth of Pennsylvania and County of Allegheny.

[Signatures on the Next Page]

[Signature Page to Purchase and Sale Agreement]

WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

WITNESS:            SELLER:

**Rum Runners Saloon, Inc.**

By: _____
Name: JOHN SPAUNDS
Title: VICE-PRESIDENT

WITNESS:            BUYER:

**Harmony Line Property Management, LLC**

By: _____
Name: Katherine Malsch
Title: Co-Owner