IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (Pittsburgh)

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RUM RUNNERS SALOON, INC. ) | Case No. 19-24682-GLT |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| ) | Related Doc. No. 80 |
| RUM RUNNERS SALOON, INC., ) | |
| ) | Hearing Date: October 22, 2020 |
| Movant, ) | |
| ) | Hearing Time: 10:00am |
| vs. ) | |
| ) | |
| DUQUESNE LIGHT COMPANY, ) | |
| REGIONAL DEVELOPMENT FUNDING ) | |
| CORPORATION, ) | |
| CARRIE CAPONE, ) | |
| INTERNAL REVENUE SERVICE, ) | |
| FIRST COMMONWEALTH BANK, ) | |
| PARAGON FOOD SERVICE, ) | |
| CAPITAL ONE BANK USA, N.A., ) | |
| C.A. CURTZE CO., U.S. FOODS INC., ) | |
| UNITED STATES TRUSTEE, ) | |
| ) | |
| Respondents ) | |

**FIRST COMMONWEALTH BANK'S OBJECTIONS TO DEBTOR'S
MOTION TO APPROVE CONTRACT FOR THE PURCHASE AND SALE OF ASSETS
FREE OF LIENS AND ENCUMBRANCES UNDER 11 USC § 363**

NOW COMES, FIRST COMMONWEALTH BANK ("First Commonwealth"), by its attorneys McGrath McCall, P.C., and files Objections to Debtor's Motion to Approve Contract for the Purchase and Sale of Assets Free of Liens and Encumbrances under 11 U.S.C. § 363 (the "Objections"), and in support thereof avers as follows:

1. First Commonwealth is a party-in-interest under the provisions of the United States

Bankruptcy Code, as it is a secured creditor of Debtor.

2. First Commonwealth holds, among other things, a priority security interest in all assets of the Debtor, including, but not limited to the Pennsylvania Liquor License No. R-6802 (the "License"). True and correct copies of the UCC-1 Financing Statement and UCC-3 Continuations, evidencing First Commonwealth's perfected security interest in, *inter alia*, the License is attached to the Bank's Claim as Exhibit D, and incorporated herein.

3. The Bank's Claim as of the Petition Date was **$699,637.29**. *See* Claim No. 4-1 in Claims Registry.

4. On September 18, 2020, Debtor filed a Motion to Approve Contract for the Purchase and Sale of Assets Free of Liens and Encumbrances under 11 U.S.C. § 363 (the "Motion") requesting, *inter alia*, that this Honorable Court approve the Purchase and Sale Agreement (the "Agreement") attached to the Motion as Exhibit "A" and incorporated herein.

5. The Agreement contemplates the sale of the License, and all other business assets of the Debtor (the "Business Assets"), to a purported Pennsylvania limited liability named Harmony Line Property Management, LLC (the "Purchaser").

6. Debtor represents in the Motion that the sale of the License and Business Assets is for $80,000.00, and will be made simultaneously with the sale of certain real estate located at 3385 Babcock Boulevard, Pittsburgh, PA 15237 (the "Real Estate") that is owned by an affiliated company of the Debtor, Rum Runners PA, LLC.

7. As acknowledged in the Debtor's Motion, the Real Estate is subject to First Commonwealth's 1st lien mortgage. A true and correct copy of First Commonwealth's Mortgage is attached to the Bank's Claim as Exhibit "B," and incorporated herein.

8.     Debtor further acknowledges that the Bank holds priority security interests in the License and Business Assets.

### Objection No. 1 – Purchaser Does Not Exist

9.     The foregoing paragraphs are hereby incorporated.

10.    As noted above, the Agreement was entered into between the Debtor and the Purchaser, a purported Pennsylvania limited liability company.

11.    Pursuant to First Commonwealth's due diligent review of the potential Purchaser, it was discovered that said Purchaser is not a registered limited liability company or fictious name in the Commonwealth of Pennsylvania. Attached hereto, and made a part hereof, as **Exhibit "1"** is a printout of the Pennsylvania Corporations website showing that the Purchaser is not a registered company in the Commonwealth of Pennsylvania.

12.    Because the potential Purchaser identified in the Agreement does not legally exist as of the date these Objections are filed, the Agreement is a legal nullity, and the Motion to approve the same must be dismissed.

13.    Therefore, First Commonwealth objects to the Motion on the grounds that the Purchaser identified in the Agreement does not exist, and thus said Agreement is non-binding.

### Objection No. 2 – Sale is Contingent on Sale of Real Estate

14.    The foregoing paragraphs are hereby incorporated.

15.    Pursuant to Section 3.2(d) of the Agreement, the parties both acknowledged that the sale of the License and Business Assets is subject to and contingent on the Purchaser closing on the sale of the Real Estate pursuant to the terms and conditions of the Purchase and Sale Agreement dated March 9, 2020 (the "Real Estate Agreement").

16. Assuming, *arguendo*, that the Purchaser was an existing entity on March 9, 2020 with the ability to contract, the Real Estate Agreement has nonetheless terminated pursuant to its own terms.

17. More specifically, the Real Estate Agreement requires, among other things, that closing must occur within 14 days of the execution of said agreement.[1]

18. First Commonwealth's undersigned counsel contacted counsel for Rum Runners PA, LLC, Ryan Cooney at the Law Offices of Robert O Lampl, regarding, among other things, the termination of the Real Estate Agreement, the high sales price (compared to prior offers received for the sale of the Real Estate), and requesting any extensions of the Real Estate Agreement.

19. Attorney Cooney was unable to provide any extension of the Real Estate Agreement, and represented to the undersigned counsel that the only amendment to the Real Estate Agreement was a financing contingency added by the Purchaser, and dated September 18, 2020.

20. The Amendment provides, among other things, that the sale of the Real Estate is contingent on the Purchasers obtaining a favorable appraisal to finance the purported sale price of $1,420,000.00 for the Real Estate.[2]

21. Attorney Cooney also represented to the undersigned counsel that the sale of the Real Estate has been placed on hold since the Purchaser is unable to find lenders that are willing to finance the acquisition of a bar/restaurant.

22. Because the sale of the License and Business Assets is contingent on the Purchaser obtaining financing for the Real Estate, which according to counsel for Rum Runners PA, LLC has

---

1 For confidentiality reasons, First Commonwealth is not attaching a copy of the Real Estate Agreement, or Amendment, but does have a copies of both readily available, and ready to produce if required or requested by this Court.

2 It is important to note that the Amendment does not extend the closing date set forth in the Real Estate Agreement.

been placed on hold by lending institutions, the Bank objects to the Debtor's Motion on the grounds that the sale is solely speculative, and the Agreement has little, if any, binding impact on the parties.

### Objection No. 3 – Agreement fails to set Closing Date

23. The foregoing paragraphs are hereby incorporated.

24. Assuming, *arguendo*, that the Agreement is effective (which Bank denies), the Agreement, nevertheless, fails to set forth an actual closing date for the sale of the License and Business Assets, and instead ties the closing to the sale of the Real Estate, which, as noted above, is solely reliant on the Purchaser obtaining financing in the amount of $1,400,000.00, at a time when lending institutions are not readily making loans to bars/restaurants.

25. Therefore, the Bank objects to the Motion on the grounds that the Agreement contains no closing date, or time period for a closing date, which could result in significant delays that prejudice the Bank's rights with respect to the License and Business Assets.

### Objection No. 4 – Distribution of Net Sale Proceeds

26. The foregoing paragraphs are hereby incorporated.

27. In Paragraph 6 of the Motion, Debtor acknowledges that First Commonwealth holds a perfected, priority security interest in the License and Business Assets.

28. Despite acknowledging First Commonwealth's priority interest in the License and Business Assets, Debtor's Motion does not propose that First Commonwealth should receive the net proceeds from the sale of the License and Business Assets.

29. Paragraph 9 of the Debtor's Motion alleges that First Commonwealth will be paid out of the proceeds from the sale of the Real Estate, which according to counsel for Rum Runners PA,

LLC, has been placed on hold due to the Purchasers' inability to obtain financing for the Real Estate.

30.    Pursuant to its priority security interest in the License and Business Assets, First Commonwealth objects to the Debtor's proposed distribution, and request that any Order of Court confirming the sale of the real estate be modified to state that the net proceeds of the sale, after the payment of any priority taxes, advertising costs, *reasonable* attorneys' fees[3] for Debtor's counsel's work in connection with the sale of the License and Business Assets only, shall be paid to First Commonwealth by the Debtor's counsel or escrow agent.

WHEREFORE, First Commonwealth respectfully requests that this Honorable Court deny the Debtor's Motion to Approve Contract for the Purchase and Sale of Assets Free of Liens and Encumbrances under 11 USC § 363, or in the alternative, modify the proposed Order of Court to direct that a sale must occur by a date certain and that all net sale proceeds from the License and Business Assets be paid to the Bank, pursuant to its 1st lien security interest in the License and Business Assets.

McGRATH McCALL, P.C.

By: /s/ Preston D. Jaquish
Preston D. Jaquish, Esquire
PA I.D. No. 316463
Four Gateway Center, Suite 1040
444 Liberty Avenue
Pittsburgh, PA 15222
Telephone: (412) 281-4333
Facsimile: (412) 281-2141
pjaquish@lenderlaw.com
Attorneys for Respondent,
First Commonwealth Bank

---

3 First Commonwealth reserves all rights to object to Debtor's final fee application.